UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                              )    Case No. 05-10778
                                    )
TELETHA JORDAN,                     )    Chapter 13
       Debtor.                      )
                                    )    Judge Arthur I. Harris
                                    )

## MEMORANDUM OF OPINION

This matter is before the Court on the Chapter 13 Trustee's motion for an order of civil contempt (Docket #35) against debtor's counsel, Marcus Poole. For the reasons that follow, attorney Poole is ordered to pay $600 to the Chapter 13 Trustee on or before December 21, 2005, and to file a notice of such payment with the Court on or before the same date. If such payment and notice are made on or before December 21, 2005, the matter will be concluded. If such payment and notice are not made on or before December 21, 2005, attorney Poole shall be sanctioned $25 per day for each day following December 21, 2005, that Mr. Poole does not comply with this order. In addition, if payment and notice are not made on or before December 21, 2005, attorney Poole shall be prohibited from filing any new petitions in this District until he has turned over the $600 plus the applicable $25 per day sanctions.

## BACKGROUND

Debtor filed her petition on January 24, 2005. At the time of filing, debtor

was already party to an active Chapter 13 case (Case # 05-10764). Because the debtor was not eligible to file the above-captioned case, the Chapter 13 Trustee moved for an order of disgorgement of fees. The Court granted the Trustee's motion (Docket #19) on May 6, 2005, and ordered attorney Poole to turn over $600 to the Chapter 13 Trustee "upon receipt of this Order." Attorney Poole did not turn over the fees as ordered. On July 20, 2005, the Chapter 13 Trustee moved for an order holding attorney Poole in civil contempt (Docket #34) for failure to obey the May 6 order. Attorney Poole failed to respond to this motion and did not attend the August 11, 2005, hearing on the motion.

## DISCUSSION

This Court has authority to order disgorgement of fees paid to debtor's counsel under 11 U.S.C. §§ 105 and 329, as well as the Court's inherent authority. This inherent authority also encompasses the ability to impose other sanctions on offending parties and counsel. *See, e.g.*, *Mapother & Mapother, PSC v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996) ("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."); *In re French Bourekas, Inc.*, 175 B.R. 517, 525 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court possesses power to impose sanctions as inherent authority and by virtue of 11 U.S.C. § 105(a)). A Court must be careful

2

when considering whether to impose sanctions. "When a court metes out a sanction, it must exercise such power with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The sanction levied must thus be commensurate with the egregiousness of the conduct." *In re Downs*, 103 F.3d at 478.

One option for imposing sanctions is through a civil contempt hearing.

> [C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure govern contempt proceedings in bankruptcy courts. When a party fails to abide by a court order, another party in the proceeding may move the court to hold the non-compliant party in contempt. "[T]he movant must produce clear and convincing evidence that shows that '[the non-compliant party] violated a definite

3

and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)); *accord Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *In re Walker,* 257 B.R. at 497. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating whether the non-compliant party was unable to comply, the court considers whether the party " 'took all reasonable steps within [his] power to comply with the court's order.' " *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989)).

The Chapter 13 Trustee has met his burden of proof. Attorney Poole was specifically ordered to turn over $600 upon his receipt of the May 6 order. He has failed to comply with this order. Attorney Poole has also failed to respond to the Chapter 13 Trustee's motion and has thus failed to provide any evidence that he is presently unable to comply with the Court's May 6 order. The Court therefore believes that a finding of civil contempt and other sanctions are warranted, but

4

will allow attorney Poole to conclude the matter by paying $600 to the Chapter 13 Trustee on or before December 21, 2005, and filing a notice of such payment with the Court on or before the same date.

## CONCLUSION

For the foregoing reasons, attorney Poole is ordered to pay $600 to the Chapter 13 Trustee on or before December 21, 2005, and to file a notice of such payment with the Court on or before the same date. If such payment and notice are made on or before December 21, 2005, the matter will be concluded. If such payment and notice are not made on or before December 21, 2005, attorney Poole shall be sanctioned $25 per day for each day following December 21, 2005 that Mr. Poole does not comply with this order. In addition, if payment and notice are not made on or before December 21, 2005, attorney Poole shall be prohibited from filing any new petitions in this District until he has turned over the $600 plus the applicable $25 per day sanctions. Attorney Poole's continued noncompliance may be the subject of further orders by this Court.

IT IS SO ORDERED

Arthur I. Harris
United States Bankruptcy Judge

5

05-10778-aih    Doc 40    FILED 12/07/05    ENTERED 12/07/05 15:54:57    Page 5 of 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 05-10778 |
|---|---|---|
| | ) | |
| TELETHA JORDAN, | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

ORDER

For the reasons stated in a separate memorandum of opinion, attorney Poole is ordered to pay $600 to the Chapter 13 Trustee on or before December 21, 2005, and to file a notice of such payment with the Court on or before the same date. Payment shall include the case number and shall be sent to the Chapter 13 Trustee's lockbox at P.O. Box 7144112, Columbus, OH 43271-4112. If such payment and notice are made on or before December 21, 2005, the matter will be concluded. If such payment and notice are not made on or before December 21, 2005, attorney Poole shall be sanctioned $25 per day for each day following December 21, 2005, that Mr. Poole does not comply with this order. In addition, if payment and notice are not made on or before December 21, 2005, attorney Poole shall be prohibited from filing any new petitions in this District until he has turned over the $600 plus the applicable $25 per day sanctions. Attorney Poole's

continued noncompliance with this order may be the subject of further orders by this Court.

    IT IS SO ORDERED

_____
Arthur I. Harris
United States Bankruptcy Judge

2

05-10778-aih    Doc 40    FILED 12/07/05    ENTERED 12/07/05 15:54:57    Page 7 of 7

continued noncompliance with this order may be the subject of further orders by this Court.

    IT IS SO ORDERED

_____
Arthur I. Harris
United States Bankruptcy Judge